
FILED
Jul 22, 2019
01:57 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| THEODORE NEUMAYR, | ) | Docket No. 2018-05-0777 |
| Employee, | ) | |
| v. | ) | |
| FIRST FLEET, INC., | ) | State File No. 56192-2018 |
| Employer, | ) | |
| And | ) | |
| XL INS. AMERICA, INC., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court convened an Expedited Hearing on July 10, 2019. The issue is whether Mr. Neumayr established he is likely to prove entitlement to benefits for an alleged injury to his lungs and a later stroke from exposure to exhaust fumes. The Court holds that Mr. Neumayr is unlikely to prove medical causation and denies his request for benefits.

### History of Claim

Mr. Neumayr drove a tractor-trailer for First Fleet. He testified that in January/February 2018, he placed his truck in First Fleet's shop four times to repair a defect that allowed exhaust fumes into the truck's cab. He asserted that even though First Fleet told him each time that it fixed the problem, he continued to experience difficulties. He further testified that he was in excellent health before the fumes began invading his cab. However, since exposure, he began suffering severe headaches and dizziness.

Mr. Neumayr stated that on February 13, exhaust fumes in his truck caused him to "black out" and clip a parked car with his trailer. He testified he informed his dispatcher of the accident and that it was due to the fumes in his cab. However, he did not seek medical attention nor did he inform police of the incident, despite testifying that he was so dizzy he did not get out of his truck for fear of losing his balance. After the accident, Mr. Neumayr drove for another ten hours before resting.

Ms. Maggie Engel, claims representative for First Fleet, testified that the company

1

did not know about Mr. Neumayr's accident until February 15. She stated that First Fleet records do not indicate Mr. Neumayr reported the accident before then or that he ever stated he "blacked out" due to exhaust fumes before filing a petition for benefit determination several months later. First Fleet terminated Mr. Neumayr on February 15, citing multiple wrecks as the reason.

Mr. Neumayr testified that he went to the VA Hospital the day after his termination and requested a carbon monoxide test. The test results, dated February 20, indicated "very high" levels of carbon monoxide in his blood, as interpreted by Karen Leidy, N.P. She recommended that Mr. Neumayr stay out of his truck until it was fixed.

On February 21, N.P. Leidy wrote to Mr. Neumayr that she consulted a pulmonologist, Dr. Carl Green, regarding the elevated carbon monoxide level. Dr. Green indicated that Mr. Neumayr should reduce his exposure to "excess diesel fumes" or find a new profession.

Approximately two weeks after his termination, Mr. Neumayr found employment driving a dump truck for Volunteer Materials. He testified that he continued to experience severe headaches and dizziness. On March 15, he suffered a cerebellar stroke while on the job for Volunteer. He received emergency treatment and incurred a bill for $2,134.00. Mr. Neumayr did not present any medical proof causally relating his stroke to exposure to exhaust fumes. He acknowledged that the doctors told him they could not directly relate the stroke to exposure.

Mr. Neumayr claimed that he was out of work from March 15 until May 13 due to the stroke. He requested the Court order First Fleet to pay the emergency room bill and temporary total disability benefits.

### Findings of Fact and Conclusions of Law

Mr. Neumayr must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1)(2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The threshold issue is causation. To prevail, Mr. Neumayr must show he is likely to prove that his stroke arose primarily from exposure to exhaust fumes while working for First Fleet. To do that, he must establish "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Reasonable degree of medical certainty means "it is more likely than not considering all causes, as opposed to speculation or uncertainty." *See* Tenn. Code Ann. § 50-6-102(14). Thus, causation must be established by expert medical testimony, and it must be by more than "speculation or

2

possibility." *Id.*

Mr. Neumayr might be able to establish he suffered from exposure to fumes and even that it was due to driving a defective truck for First Fleet. The Court has no reason to doubt Mr. Neumayr on this point. However, no medical evidence established a connection between his exposure and his stroke, which occurred two weeks after his employment with First Fleet ended. Although Mr. Neumayr received treatment at the VA Hospital for the stroke, he did not offer any opinions from his treating doctors regarding causation. In fact, he testified that his physicians told him that they could only say that the stroke *could be* related to the exposure, which is insufficient to establish causation. *Id.*

The Court further finds that Mr. Neumayr's evidence is insufficient to establish he is likely to prevail at trial even with regard to the provision of a panel of physicians. *See* Tenn. Code Ann. § 50-6-204. Medical evidence is generally required in order to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008). Here, Mr. Neumayr did not provide any written opinion from his treating doctors that even addressed a possible causal connection between his stroke and exhaust fume exposure. Mr. Neumayr only offered speculation and conjecture as to the cause of his stroke, which cannot serve as justification for the provision of benefits. Tenn. Code Ann. section 50-6-102(14).

IT IS, THEREFORE, ORDERED that:

1. Mr. Neumayr's request for worker's compensation benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on September 9, 2019, at 2:00 p.m. C.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call might result in a determination of the issues without your participation.

**ENTERED ON JULY 22, 2019.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

3

## APPENDIX

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order on Show Cause Hearing
4. Request for Expedited Hearing
5. Objection to Hearing on the Record
6. Order Setting In-Person Hearing
7. First Fleet's Expedited Hearing Position Statement

Exhibits

1. Mr. Neumayr's affidavit
2. Record from Centennial Medical Center
3. Medical Bill from Centennial
4. Carbon Monoxide test results
5. Letter from VA Hospital to Mr. Neumayr

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on July 22, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Theodore Neumayr | X | | | 1856 Sawgrass Lane Chapel Hill, TN 37034 |
| Christen Blackburn | | | X | cblackburn@lewisthomason.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

4



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

_____
**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

**Appellee(s)**

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

**CERTIFICATE OF SERVICE**

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____    (FMV) _____

Other                 $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____

NOTARY PUBLIC

My Commission Expires: _____


LB-1108 (REV 11/15)                                          RDA 11082